### McCARTHY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December 21, 1905.)

1. APPEAL—VERDICT AGAINST WEIGHT OF EVIDENCE.

    Where, in an action against a street railway company for injuries received by a passenger while alighting from a car, plaintiff's testimony was corroborated by a disinterested witness and opposed only by the testimony of the persons in charge of the car, a verdict for plaintiff could not be set aside as against the weight of the evidence.

    [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3938.]

2. SAME—NECESSITY OF MAKING OBJECTIONS IN TRIAL COURT.
    An objection to an instruction involving merely a choice of words will not be considered, when made for the first time on appeal.
    [Ed. Note—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1309, 1310.]

3. CONTINUANCE—DENIAL—ABUSE OF DISCRETION.
    The denial of a motion for a postponement to obtain the attendance of a witness, made at the close of plaintiff's case, without suggesting an excuse for the delay, was not an abuse of discretion.
    [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Continuance, § 124.]

Appeal from City Court of New York.

Action by Minnie McCarthy against the Metropolitan Street Railway Company to recover for personal injuries sustained while alighting from a street car in consequence of the sudden starting of the car. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Bayard H. Ames, for appellant.
Steuer & Hoffman, for respondent.

PER CURIAM. There is no ground for the contention that the verdict was against the weight of the evidence; the plaintiff's testimony being corroborated by a disinterested witness and opposed only by the testimony of the persons in charge of the car.

The criticism of the instructions to the jury is made for the first time on appeal, and involves merely a choice of words in the statement of familiar propositions of law. If counsel had desired a modification of the words used, it was for him to request it.

The application for a postponement to obtain the attendance of witnesses was not seasonably made, and, there being no suggested excuse for delaying the motion until the close of the plaintiff's case, the denial involved no abuse of discretion.

Judgment and order affirmed, with costs.